# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELINO MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-1107

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcelino Moreno challenges the substantive reasonableness of the 24-month sentence imposed upon revocation of his term of supervised release. Generally, we review revocation sentences under the plainly unreasonable standard in 18 U.S.C. § 3742(a)(4). *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Moreno did not object in the district court to the reasonableness of his sentence, however, review is for plain error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50473

*States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). Also, a presumption of reasonableness applies to the within-policy-statement-range sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (per curiam).

According to Moreno, his 24-month sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because it did not account for his decision not to contest the revocation charges or his acceptance of responsibility for the violations. He argues that not contesting the revocation petition "is 'a nature and circumstance of the offense'" under § 3553(a). He further contends that he should have received leniency because he saved judicial resources and, while he acknowledges that U.S.S.G. § 3E1.1 is not applicable, he cites the guideline as persuasive authority.

Moreno cites no authority for the argument that failing to contest the revocation charges constitutes the "nature and circumstances of the offense" under § 3553(a), and he fails to show that his presumptively reasonable sentence does not account for a sentencing factor that should have received significant weight. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *Lopez-Velasquez*, 526 F.3d at 809. Moreover, the factual premise for his claims—that he did not contest the revocation charges and accepted responsibility for his violations—is belied by the record. Moreno denied several of the charges, asserting that he had not consumed alcohol or used drugs and that he had paid more in restitution than alleged in the amended petition. We therefore find no merit in his claims and no error, plain or otherwise, in the 24-month sentence.

AFFIRMED.